[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

No. 04-16200
Non-Argument Calendar

_____

D. C. Docket No. 04-20021-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN MANUEL BOLLEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 15, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant John Manuel Bollea[1] appeals his 6-month sentence imposed after he pled guilty for attempting to travel in foreign commerce and engage in a commercial sex act with a minor child, in violation of 18 U.S.C. §§ 2423 (c) and (e). On appeal, Bollea argues that in light of *Apprendi/Blakely/Booker* his sentence is unconstitutional because the sentence was rendered under mandatory guidelines, while the district court expressed reservations over the sentence, and because the court applied an enhancement that was not found by a jury nor pled to by Bollea.

In *Apprendi v. New Jersey*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 2363-64 147 L. Ed. 2d 435 (2000). In *Blakely v. Washington*, the Supreme Court reversed an upward departure and held that the relevant "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. 296, __, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004).

In *Booker*, a case involving *Blakely*'s application to the guidelines, the

---

[1]Bollea is currently out on bond awaiting this appeal. The district court originally set the surrender date for May 27, 2005. Bollea filed a motion to extend the surrender date. The motion was granted on April 6, 2005, extending the surrender date to September 23, 2005. We grant the motion to expedite the appeal and issue this opinion.

2

Supreme Court held that "the Sixth Amendment as construed in *Blakely* does apply to the Sentencing Guidelines." 543 U.S.__, 125 S. Ct. 738, 746, 160 L. Ed. 2d 621 (2005). The Court also held that, in light of its holding that *Blakely* does apply to the guidelines, 18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal) must be severed and excised from the guidelines, rendering the guidelines merely advisory. *Id*. at __, 125 S.Ct. at 756-57. The Court held, however, that district courts still must consider the guidelines. *Id*. at __, 125 S.Ct. at 757, 764.

In reviewing *Booker* cases, we must first determine whether there is a preserved objection. *See United States v. Dowling*, 403 F.3d 1242, 1246 (11th Cir. 2005). In *Dowling*, we held that a defendant must make an objection (1) to *Apprendi* or its progeny, or (2) to challenge the district court's finding of sentencing facts that were not found by a jury or pled to by a defendant. *Id*. Here, at sentencing, Bollea objected to the application of an enhancement that was neither pleaded to nor alleged in the indictment, and, therefore, he has properly preserved his objection. Where a defendant timely raised a *Blakely* objection in the district court, we review the claim on appeal *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

3

The standard for harmless error depends on the type of error that is alleged, i.e. whether the district court committed constitutional error or statutory error. *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005). A constitutional error occurs when there is an extra-verdict enhancement that results in a guidelines range that is binding on the district court. *Id.* at 1291. A statutory violation occurs when, in the absence of a Sixth Amendment enhancement violation, the district court sentences under a mandatory guidelines scheme. *Id.* We have held that "constitutional errors are harmless where the government can show, beyond a reasonable doubt, that the alleged error did not contribute to the defendant's ultimate sentence," and a statutory error is harmless if it is determined that the proceedings in their entirety did not affect the sentence "or had but a very slight effect." *Id.* at 1291-92 (quoting *United States v. Hornaday*, 392 F.3d 1306, 1315 (11th Cir. 2004)).

Here, Bollea made an objection to an extra-verdict enhancement that was made because the offense was a violation of chapter 117 of Title 18, United States Code.[2] However, the sections that Bollea pled guilty to are contained within

---

[2]Bollea contends that the three-level enhancement was based on a violation of a particular chapter of the Code, and also contends that this violation was neither alleged in the indictment nor did Bollea plea guilty to that violation. U.S.S.G. § 2A3.4(b)(6) (2003) allows for a three-level increase when the violation is of chapter 117 of Title 18, United States Code. Bollea pled guilty to violating 18 U.S.C. § 2423(e), for attempting to violate § 2423(c). These subsections are contained in chapter 117, which is entitled "Transportation for Illegal Sexual Activity and Related Crimes."

chapter 117, and Bollea does not dispute this fact. *See Shelton*, 400 F.3d at 1329 (holding that failure to make a valid objection to the underlying facts in the PSI or at sentencing is an admission for *Booker* purposes). Therefore, Bollea has not made a valid Sixth Amendment claim. Nevertheless, the court applied the enhancement under mandatory guidelines. *See Mathenia*, 409 F.3d at 1291 (holding that a statutory violation occurs when a defendant is sentenced under mandatory guidelines, even in the absence of a Sixth Amendment violation). Thus, we will apply the *Booker* statutory harmless error standard in determining whether the error was harmless.

In *Mathenia*, the defendant pled guilty to knowingly possessing and distributing child pornography. 409 F.3d at 1290. At sentencing the district court imposed a total offense level of twenty-nine and a criminal history category of I. *Id.* The district court sentenced defendant to 96 months in prison, and stated that the sentence would be the same even if the guidelines were not mandatory. *Id.* We held that the district court's application of the guidelines in a mandatory scheme did not affect the sentence, or had but a slight effect, because the district court stated that the sentence would be the same if the guidelines were advisory. *Id.* at 1292-93.

Here, the district court made a materially distinguishable comment. In the

5

course of Bollea's *Blakely* objection and sentencing, the district court said, "I am stating that there is a possibility that I would impose a sentence that did not require incarceration . . . if the Guidelines were not applicable, and if I had complete and unfettered sentencing authority as it existed before the Guidelines came into being." The district court made a statement that, but for the mandatory nature of the guidelines, it would consider a lesser sentence of incarceration or no incarceration at all. Therefore, we conclude from the record that the district court committed a harmful error that had more than a slight effect on Bollea's sentence. Accordingly, we vacate Bollea's sentence and remand this case for resentencing.

**VACATED AND REMANDED.**